# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2024

Lyle W. Cayce
Clerk

—————————

No. 24-60108
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Eduardo T. Robinson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-153-1

_____

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Eduardo T. Robinson appeals his sentence of 36 months of imprisonment followed by 36 months of supervised release, which was imposed after the revocation of his probation in connection with his conviction for theft of a mail matter by an officer or employee. Robinson contends that his sentence, which is above the policy statement range, is

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

substantively unreasonable because it is greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors and in light of his mitigating circumstances.

Sentences imposed upon revocation of probation are reviewed under a two-step process using the "plainly unreasonable" standard. *United States v. Kippers*, 685 F.3d 491, 496-97 (5th Cir. 2012). First, we review for significant procedural error. *Id*. at 497 (discussing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If no significant procedural error exists, then we consider the substantive reasonableness of the sentence. *Kippers*, 685 F.3d at 497.

Because the issue was properly preserved, we review the substantive reasonableness of Robinson's sentence under the abuse of discretion standard. *See Kippers*, 685 F.3d at 499-500. When a revocation sentence is outside the policy statement range, we do not apply a presumption of reasonableness, but "consider the extent of the deviation" and give "due deference to the district court's decision that the § 3553(a) factors" justified a variance. *Id*. at 500 (quoting *Gall*, 552 U.S. at 51).

Robinson has not demonstrated that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal citation and quotation marks omitted). The district court properly considered the U.S.S.G. § 7B1.4(a) policy statement and the § 3553(a) factors, as well as Robinson's character, history, and mitigating circumstances. We will not independently rebalance the § 3553(a) factors or substitute our own judgment for that of the district court. *See Warren*, 720 F.3d at 332.

Robinson has not demonstrated that his sentence is plainly unreasonable or that the district court abused its discretion. *See Kippers*, 685

No. 24-60108

F.3d at 496-97; *Warren*, 720 F.3d at 332.  The judgment of the district court is AFFIRMED.